1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12
13
14
15
16
17

| | |
|---|---|
| ZACHARY ROSENBAUM,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.<br><br>Defendants. | Case No. 20-CV-04777-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 30 |

18
19
20
21
22
23
24

Plaintiff Zachary Rosenbaum ("Plaintiff") sues the City of San Jose ("the City"), Officer Ryan Ferguson, Sergeant Hatzenbuhler, Sergeant Gutierrez, Officer Dunn, Officer Anderson, Officer Tapia, Officer Vallejo, Officer Ochoa, and individuals whose identities are unknown to Plaintiffs (collectively, "Defendants") for (1) violation of the Fourth Amendment under 42 U.S.C. § 1983; (2) battery; (3) violation of the Bane Act; and (4) negligence. Before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint. ECF No. 30.[1] Having considered the parties' submissions, the relevant law, and the record in this case, the Court

25
26
27
28

---

[1] Defendants' motion contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1

1  GRANTS Defendants' motion to dismiss with leave to amend.

2  ## I.  BACKGROUND

3  ### A.  The Alleged Use of Excessive Force Against Plaintiff

4  According to Plaintiff, on September 10, 2019, Plaintiff was sleeping in an upstairs

5  bedroom at the home he shared with his fiancé. ECF No. 26 ("SAC") ¶ 15. Plaintiff was awakened

6  by "the sound of San Jose police officers inside his home calling his name." *Id*. ¶ 16. Plaintiff

7  "walked to the top of his stairs and saw multiple police officers (Defendants) shining their lights at

8  Plaintiff's face and pointing their handguns at Plaintiff." *Id*.

9  The Court refers to Sergeants Hatzenbuhler and Gutierrez and Officers Anderson, Tapia,

10  Vallejo, and Ochoa collectively as the "Bystander Officers." Plaintiff alleges that the Bystander

11  Officers "trained their firearms on Plaintiff and took defensive positions" on the first floor of

12  Plaintiff's home. *Id*. ¶ 20. In addition, Plaintiff alleges that both Sergeants Gutierrez and

13  Hatzenbuhler "had supervisory authority at the scene" of Plaintiff's seizure. *Id*. Sergeant Gutierrez

14  "was the on-scene supervisor in charge of the seizure" and Sergeant Hatzenbuhler "commanded

15  several of the officers to take positions inside" Plaintiff's home. *Id*.

16  Plaintiff allegedly "put his hands up where the Defendants could see them and asked the

17  Defendants in a polite and respectful manner why they were inside his home and what they wanted

18  with him." *Id*. ¶ 17. "The Defendants informed Plaintiff that he was under arrest but did not tell

19  Plaintiff what for." *Id*. "Instead, Defendants issued commands for the Plaintiff to come down the

20  stairs." *Id*.

21  Plaintiff, "with his hands remaining visibly raised," again "asked the Defendants what he

22  was being arrested for and what they wanted with him." *Id*. ¶ 18. "Defendants . . . repeatedly

23  refused to tell Plaintiff the reason for his purported arrest and commanded the Plaintiff to come

24  down the stairs." *Id*. "[A]t least one officer warned Plaintiff that if he did not obey the officers'

25  commands, a police K-9 would be deployed." *Id*.

26  Plaintiff allegedly continued "to keep his hands visibly raised" and continued "asking why

27  Defendants were inside his home and what they wanted with him." *Id*. ¶ 19. "Plaintiff did not

28  

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

1    threaten any of the officers either verbally or physically at any point." *Id*.

2        "Losing patience with the Plaintiff's questions, [Officer Dunn] deployed a police K-9 to

3    attack the Plaintiff." *Id*. ¶ 21. The police dog was deployed "even though Plaintiff had his hands

4    visibly raised in a surrender position, was not armed, was not trying to evade arrest, and had posed

5    no threat to the officers." *Id*. ¶ 22. At the time that the police dog was deployed, the Bystander

6    Officers were allegedly integral participants in the use of force because they "continued pointing

7    their weapons at Plaintiff" and took no actions "to prevent, or otherwise intervene[], in the use of

8    force against Plaintiff" despite being "aware that [Officer Dunn] was threatening to release the

9    police K-9." *Id*. Plaintiff alleges that, "after the K-9 was deployed to bite the Plaintiff, and while

10    the Plaintiff was laying on his stomach in full surrender with his hands stretched out and

11    surrounded by all named Defendants with their firearms trained on him, . . . the K-9 was allowed

12    to continue biting the [Plaintiff] . . for over 20 seconds" before being pulled away. *Id*.

13        "Within a second of the K-9 being deployed, [Officer Ferguson] shot the Plaintiff with a

14    less lethal shotgun bean-bag projectile weapon, striking the Plaintiff in the stomach." *Id*. ¶ 21.

15    Plaintiff allegedly "had his hands visibly raised in surrender, was not threatening any of the

16    officers, was not armed or trying to evade arrest." *Id*. ¶ 23. "All the while," the Bystander Officers

17    were allegedly integral participants in the use of force because they "had their firearms trained on

18    Plaintiff" and "failed to intervene to prevent the use of excessive force against Plaintiff." *Id*. ¶ 21.

19        As a result of the force used against him, Plaintiff allegedly "suffered severe physical and

20    physical and psychological injuries." *Id*. ¶ 22. Plaintiff alleges that he "had to undergo several

21    surgeries and procedures as a result of Defendants' actions." *Id*. Plaintiff alleges that Plaintiff still

22    "has not regained full use of his arm and suffers from significant scarring." *Id*. ¶ 22.

23        Following this incident, Plaintiff filed a government claim with the City on March 9, 2020.

24    *Id*. ¶ 27. On April 28, 2020, the City rejected Plaintiff's claim. *Id*. ¶ 27.

25    **B. The City's Alleged Customs, Practices, and Policies**

26        According to Plaintiff, the City has a policy, custom, and practice of "allowing, or at the

27    very least not adequately disciplining, its officers for using severe force to effectuate arrests even

28
3

1     when the target, such as Plaintiff in this case, has not engaged in any behavior necessitating the

2     use of such force." *Id*. ¶¶ 27, 42. On October 4, 2020, "the San Jose Mercury News released a

3     report detailing that between 2014 and 2018, San Jose Police Department officers who used

4     excessive force on suspects and citizens were 'rarely disciplined.'" *Id*. ¶ 26. Plaintiff further

5     alleges that the City's custom and practice of not disciplining officers who use excessive force

6     "has been fostered by Chief of Police Eddie Garcia who fails to discipline San Jose Police Officers

7     no matter how egregious their deviations from use of force policies or how obvious their

8     unconstitutional behavior." *Id*. ¶ 26.

9             Plaintiff alleges that the City "has a policy, custom and practice of encouraging and

10    permitting the . . . excessive use of police K-9s, even on persons who are not evading arrest, or

11    posing a threat to officers or bystanders." *Id*. ¶ 39. Additionally, Plaintiff alleges that the City has

12    "a policy, custom, and/or practice of allowing/training its police K-9s to 'bite and hold' suspects

13    even where a suspect is surrendering." *Id*. ¶ 39. Plaintiff alleges that the City's police department

14    "employs K-9s to bite residents at higher rates than any other police department in the state." *Id*. ¶

15    25. According to data released by the Marshall Project for the years 2017 to 2019, less than 1 per

16    100,000 residents in San Francisco is bitten by a police dog each year, while 8 per 100,000

17    residents of the City are bitten by police dogs each year. *Id*. Los Angeles also uses police dogs 40

18    percent less frequently than the City does. *Id*.  Plaintiff alleges that these "customs, practices, and

19    policies regarding the use of police K-9s were moving forces behind Plaintiff's constitutional

20    injuries." *Id*. ¶ 27.

21            Finally, Plaintiff alleges that the City has a "policy, custom, and practice for allowing the

22    deployment of less lethal shotguns on persons who are not evading arrest or posing a threat to

23    officers or bystanders." *Id*. ¶ 40. Plaintiff alleges that the policy, custom, and practice were

24    "moving forces behind the Plaintiff's constitutional injuries as said policies, customs, and

25    practices make it predictable that constitutional violations would take place." *Id*.

26    **C.  Procedural History**

27            On July 16, 2020, Plaintiff filed the instant case. ECF No. 1. On September 25, 2020,

28

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

1    Defendants filed a motion to dismiss Plaintiff's Complaint. ECF No. 18. On October 11, 2020,

2    Plaintiff filed an Amended Complaint in lieu of opposing Defendant's motion to dismiss. ECF No.

3    21. On October 23, 2020, the Court denied Defendants' motion to dismiss as moot. ECF No. 25.

4          On October 16, 2020, Plaintiff filed a Corrected First Amended Complaint. ECF No. 22.

5    On October 21, 2020, the parties stipulated to permit Plaintiff to file a Second Amended

6    Complaint. ECF No. 23. On October 23, 2020, the Court granted the parties' stipulation. ECF No.

7    24.

8          On October 24, 2020, Plaintiff filed the Second Amended Complaint ("SAC"). SAC.

9    Plaintiff alleges four causes of action: (1) violation of the Fourth Amendment under 42 U.S.C. §

10   1983; (2) battery; (3) violation of the Bane Act; and (4) negligence. *Id*. ¶¶ 28–62.

11         On November 13, 2020, Defendants filed the instant motion. ECF No. 30 ("Mot."). On

12   November 30, 2020, Plaintiff filed an opposition. ECF No. 32 ("Opp'n"). On December 9, 2020,

13   Defendants filed a reply. ECF No. 34 ("Reply").

14   II.    **LEGAL STANDARD**

15      **A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

16         Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short

17   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

18   A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil

19   Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief

20   that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

21   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

22   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

23   U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it

24   asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal

25   quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s]

26   factual allegations in the complaint as true and construe[s] the pleadings in the light most

27   favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

28

United States District Court
Northern District of California

5

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1    1031 (9th Cir. 2008).

2        The Court, however, need not accept as true allegations contradicted by judicially

3    noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look

4    beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

5    motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

6    1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in

7    the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

8    curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere

9    "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

10   dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

11   **B.  Leave to Amend**

12        If the Court determines that a complaint should be dismissed, it must then decide whether

13   to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

14   "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

15   15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.

16   Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks

17   omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant

18   leave to amend even if no request to amend the pleading was made, unless it determines that the

19   pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

20   quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

21   amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

22   moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

23   (9th Cir. 2008).

24   **III.    DISCUSSION**

25        Plaintiff sues the following: the City of San Jose ("the City") and the following officers to

26   whom the Court will refer collectively as "the Officers": Sergeants Hatzenbuhler and Gutierrez

27   and Officers Anderson, Ochoa, Tapia, Vallejo, Dunn, and Ferguson. The Court refers collectively

28

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

1    to all the defendants as "Defendants." Plaintiff brings the following four claims against

2    Defendants: (1) violation of the Fourth Amendment under 42 U.S.C. § 1983; (2) battery; (3)

3    violation of the Bane Act; and (4) negligence. Defendants move to dismiss all four claims. The

4    Court addresses each claim in turn.

5        **A.  Section 1983 Claim**

6            Plaintiff brings a Section 1983 claim against Defendants. The Court first addresses

7    Plaintiff's Section 1983 claim against the Officers. The Court then addresses Plaintiff's Section

8    1983 claim against the City.

9            **1.  Section 1983 Claim Against the Officers**

10           To state a Section 1983 claim, the plaintiff must plead that "(1) the defendants acted under

11   color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal

12   statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson*

13   *v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).

14           In the instant motion, Defendants do not contend that the Officers were not acting under

15   color of state law. A police officer acts under color of state law when his or her actions are "in

16   some way 'related to the performance of his [or her] official duties.'" *Van Ort v. Estate of*

17   *Stanewich*, 92 F.3d 832, 838 (9th Cir. 1996) (quotation omitted). In the instant case, Plaintiff has

18   plausibly alleged that the Officers were acting under color of state law because their actions were

19   taken while effecting a seizure on Plaintiff, which is part of their official duties.

20           Defendants contend that Plaintiff has failed to state a Section 1983 claim against the

21   Officers because Plaintiff has not alleged sufficient facts about the circumstances under which the

22   Officers allegedly used excessive force. Mot. at 13–14. The Court agrees for the reasons explained

23   below.

24           In order to state a plausible claim for relief, Plaintiff must allege "factual content that

25   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

26   alleged." *Iqbal*, 556 U.S. at 678. Furthermore, to determine whether a defendant used excessive

27   force, courts must decide "whether the officers' actions [were] 'objectively reasonable' in light of

28

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

United States District Court
Northern District of California

1    the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989)

2    (citation omitted). "Determining whether the force used to effect a particular seizure is

3    'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality

4    of the intrusion on the individual's Fourth Amendment interests' against the countervailing

5    governmental interests at stake." *Id*. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).

6    In engaging in this careful balancing, courts must give "careful attention to the facts and

7    circumstances of each particular case, including *the severity of the crime at issue*, whether the

8    suspect poses an immediate threat to the safety of the officers or others, and whether he is actively

9    resisting arrest or attempting to evade arrest by flight." *Id*. (emphasis added); *accord Lowry v. City

10   of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (weighing "the severity of the crime at issue"

11   to determine whether the deployment of a police dog violated the plaintiff's Fourth Amendment

12   rights).

13         Because excessive force claims rely on fact-intensive inquiries, a plaintiff bringing an

14   excessive force claim must make allegations about the circumstances under which the defendant

15   allegedly used excessive force. *See Gonzales v. City of Clovis*, 2012 WL 4671179, at *7 (E.D. Cal.

16   Oct. 3, 2012) (granting motion to dismiss excessive force claim based on alleged deployment of a

17   flash bang device "[d]ue to the lack of details regarding the circumstances under which the

18   officers deployed the 'flash bang' device"). For example, the plaintiff must allege the crime for

19   which he was arrested. *See Parks v. Chocano*, 2020 WL 8457441, at *3 (C.D. Cal. Dec. 29, 2020)

20   (granting motion to dismiss excessive force claim because the plaintiff "failed to allege the 'facts

21   and circumstances confronting' [the defendant] before the arrest to demonstrate that the alleged

22   force was unreasonable, such as . . . for what crimes he was arrested"); *Newman v. Barrett

23   Township*, 2015 WL 7755672, at *6 (M.D. Pa. Dec. 2, 2015) (dismissing excessive force claim

24   "because [the plaintiff] fails to allege the crime for which he was arrested," meaning that the Court

25   could not "consider the severity of the crime at issue" in the excessive force analysis). "Without

26   specific allegations" about the circumstances in which the officers used the force, "the Court has

27   no basis on which 'to draw the reasonable inference that the [officers are] liable for the

United States District Court
Northern District of California

28

8

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1  misconduct alleged.'" *Hager v. County of San Bernardino*, 2013 WL 5771148, at *4 (C.D. Cal.

2  Oct. 24, 2013) (quoting *Iqbal*, 556 U.S. at 678).

3  In the instant case, the Second Amended Complaint provides no details about the

4  circumstances that brought the Officers to Plaintiff's residence, including the crime for which

5  Plaintiff was being arrested. As the United States Supreme Court has held, "the severity of the

6  crime at issue" is a key factor in the excessive force analysis. *Graham*, 490 U.S. at 396; *accord*

7  *Lowry*, 858 F.3d at 1248. Indeed, there are some uses of force that might be justified where

8  officers are confronting a suspect accused of a serious, violent crime, but not where the suspect is

9  accused of a non-violent crime. *See, e.g., Garner*, 471 U.S. at 11–12 (If "there is probable cause to

10  believe that [the suspect] has committed a crime involving the infliction or threatened infliction of

11  serious physical harm, deadly force may be used if necessary to prevent escape, and if, where

12  feasible, some warning has been given.").

13  Accordingly, in order for the Court to determine whether Plaintiff has plausibly alleged

14  that the Officers' use of force was unreasonable, Plaintiff must make allegations about the crime

15  for which he was being arrested. *See Parks*, 2020 WL 8457441, at *3 (granting motion to dismiss

16  excessive force claim because the plaintiff "failed to allege the 'facts and circumstances

17  confronting' [the defendant] before the arrest to demonstrate that the alleged force was

18  unreasonable, such as . . . for what crimes he was arrested"); *Newman*, 2015 WL 7755672, at *6

19  (dismissing excessive force claim "because [the plaintiff] fails to allege the crime for which he

20  was arrested," meaning that the Court could not "consider the severity of the crime at issue").

21  Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's Section 1983 claim against

22  the Officers. The Court does so with leave to amend because amendment would not be futile,

23  unduly prejudice the opposing parties, or cause undue delay, and Plaintiff has not acted in bad

24  faith. *See Leadsinger*, 512 F.3d at 532. Indeed, Plaintiff can cure this deficiency by adding

25  allegations about the crime for which he was being arrested. [2]

26

27  [2] In a footnote in his opposition brief, Plaintiff states that "Plaintiff was being arrested based on a purported domestic violence complaint." Opp'n at 5 n.1. However, in ruling on a motion to

28

United States District Court
Northern District of California

### 2. Section 1983 Claim Against the City

Defendants also contend that Plaintiff has failed to state a Section 1983 claim against the City. Mot. at 15–22. "A government entity cannot be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978)). To establish a governmental entity's liability, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

In the instant case, as explained above, *supra* Section III(A)(1), Plaintiff has not plausibly alleged that he was deprived of his constitutional rights because he has not alleged the crime for which he was being arrested. Without alleging that he was deprived of his constitutional rights, Plaintiff cannot state a *Monell* claim. *See Dougherty*, 654 F.3d at 900; *accord Lowry*, 858 F.3d at 1260 (declining to address the plaintiff's *Monell* claim because plaintiff did not show a violation of her constitutional rights). Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's Section 1983 claim against the City. The Court does so with leave to amend because amendment would not be futile, unduly prejudice the opposing parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

### B. Battery

Plaintiff additionally brings a battery claim against Defendants. SAC ¶¶ 43–49. Defendants contend that the battery claim should be dismissed. Mot. at 8, 12–13, 14.

"[B]attery is a state law tort counterpart to a 42 U.S.C. § 1983 excessive force claim."

---

dismiss, the Court cannot look beyond Plaintiff's Second Amended Complaint to Plaintiff's opposition brief. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) (stating that, in ruling on a motion to dismiss, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss").

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

*Redmond v. San Jose Police Dep't*, 2017 WL 5495977, at *31 (N.D. Cal. Nov. 16, 2017) (quoting *J.P. ex rel. Balderas v. City of Porterville*, 801 F. Supp. 2d 965, 992 (E.D. Cal. 2011)).

As explained above, *supra* Section III(A)(1), Plaintiff has not plausibly alleged that the Officers used excessive force because Plaintiff has not sufficiently alleged the circumstances under which force was used. Accordingly, because Plaintiff has not plausibly alleged that the Officers used excessive force, Plaintiff has not stated a battery claim against Defendants. *See J.P.*, 801 F. Supp. 2d at 992 ("Because there was no excessive force and the officers acted reasonably, there is no liability for state law battery."). Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's battery claim. The Court does so with leave to amend because amendment would not be futile, unduly prejudice the opposing parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

### C. Bane Act

Plaintiff also brings a Bane Act claim against Defendants. SAC ¶¶ 50–56. Defendants contend that this claim should be dismissed. Mot. at 8–9, 12–13, 14–15.

The Bane Act provides a cause of action against a person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1; *accord Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 955–56 (2012). Plaintiff alleges the same facts to support his Bane Act claim as he does to support his Section 1983 claim.

As explained above, *supra* Section III(A)(1), Plaintiff has not alleged that Defendants violated his constitutional rights. Accordingly, for the same reasons explained above, Plaintiff also cannot state a claim under the Bane Act. *See, e.g.*, *Wilson v. County of Contra Costa*, 2015 WL 217298, at *5 (N.D. Cal. Jan. 15, 2015) ("For the same reasons plaintiff's allegations are insufficient to support his § 1983 claims, they are insufficient to plead his Bane Act claim."); *see also Redmond*, 2017 WL 5495977, at *29 (describing the Bane Act as "analogous to § 1983"); *Sacco v. Benzinger*, 2003 WL 24108414, at *1 (N.D. Cal. Dec. 18, 2003) (describing the Bane Act

United States District Court
Northern District of California

11

1    as the "state equivalent" of Section 1983). Thus, the Court GRANTS Defendants' motion to

2    dismiss Plaintiff's Bane Act claim. The Court does so with leave to amend because amendment

3    would not be futile, unduly prejudice the opposing parties, or cause undue delay, and Plaintiff has

4    not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

5    ### D. Negligence

6          Finally, Plaintiff brings a negligence claim against Defendants. SAC ¶¶ 57–62. Defendants

7    contend that the negligence claim should be dismissed. Mot. at 9–10, 12.

8          Under California law, "[t]he elements of a negligence claim against a police officer are: (1)

9    the officer owed plaintiff a duty of care; (2) the officer breached that duty by failing to use such

10   skill, prudence, and diligence as other members of the profession commonly possess; (3)

11   proximate cause between the negligent conduct an the resulting injury; and (4) actual loss or

12   damage resulting from the officer's negligence." *Black Lives Matter-Stockton Chapter v. San

13   Joaquin County Sheriff's Office*, 398 F. Supp. 3d 660, 681 (E.D. Cal. 2019). To prevail on a

14   negligence claim against a police officer, the plaintiff must allege that "the police officer acted

15   unreasonably and that the unreasonable behavior harmed" the plaintiff. *Ortega v. City of Oakland*,

16   2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008).

17         As explained above, *supra* Section III(A)(1), Plaintiff has not alleged that the Officers

18   acted unreasonably. *See Graham*, 490 U.S. at 397 (explaining that an excessive force claim

19   requires determining whether an officer's actions were objectively unreasonable). Because

20   Plaintiff has failed to allege that the Officers acted unreasonably, Plaintiff has failed to state a

21   negligence claim. *See Ortega*, 2008 WL 4532550, at *14 (rejecting the plaintiff's negligence claim

22   because the court concluded that the officers had acted reasonably). Thus, the Court GRANTS

23   Defendants' motion to dismiss Plaintiff's negligence claim. The Court does so with leave to

24   amend because amendment would not be futile, unduly prejudice the opposing parties, or cause

25   undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

26   ### IV.  CONCLUSION

27         For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss with leave

28

United States District Court
Northern District of California

12

to amend. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims with prejudice. Plaintiff may not add new causes of action or add new parties without stipulation or leave of the Court. Plaintiff is directed to file a redlined complaint comparing the complaint to any amended complaint as an attachment to Plaintiff's amended complaint.

**IT IS SO ORDERED.**

Dated: April 13, 2021

LUCY H. KOH
United States District Judge

Case No. 20-CV-04777-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND