UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY ROSENBAUM,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 20-cv-04777-NC<br><br>**ORDER FOLLOWING<br>PRETRIAL CONFERENCE** |

On November 19, 2025, the Court held a Pretrial Conference in this matter, attended by counsel for both parties. This Order summarizes the Court's orders and other matters discussed during the Pretrial Conference.

- Prospective Juror Questionnaire. Prospective jurors will be sent a Survey Monkey Questionnaire that is a modified version of the questionnaire used in *Calonge v. City of San Jose*, No. 20-cv-7429. The modifications made include adding a question asking jurors about their experience with serious injuries from dog bites and adding question about the juror's hardship during the trial dates for this matter. The Court will circulate the answered questionnaires to the trial attorneys before jury selection. The Court may consider hardship challenges for prospective jurors in the week before trial and will issue additional procedural guidance after the questionnaires are received.

- Masking rules during trial. Reviewed and agreed.
- One attorney per side per task rule. Absent further Court order, each side must select one attorney for each trial task. Reviewed and agreed.
- No additional filed motions during trial without meet and confer with opposing counsel and leave of Court. Trial is not intended to be an ambush. If any party wishes to file a written motion during trial, they must first meet and confer with the opposing side and also receive leave of Court. Surprise motions filed in the middle of the trial night are especially disfavored. Reviewed and agreed.
- Each side will be allowed up to 9 hours total for trial. This is the total for all phases and the parties may allocate their time between phases as they wish. What activities count toward permitted trial time? Upon the start of opening statements, the trial clock will be running while Court is in session. The reading of jury instructions and the jury instructions charging conferences do not count.
- No jury questions to witnesses will be allowed. The parties agreed.
- Trial schedule. Juror voir dire will begin December 8, 2025, at 9:30 a.m. Opening statements will begin on December 9, 2025, at 9:30 a.m. The typical trial day will run from 9:30 a.m. to 4:30 p.m., with a break for lunch.
- Voir Dire. The Court will call approximately 20 jurors into the courtroom at a time until a jury of eight (8) is selected, with one (1) alternate who will be dismissed before deliberations if all eight jurors remain. Each side will be allowed 20 minutes of voir dire per jury group. Each side gets 3 peremptory challenges total. The peremptory challenges do not carry over into subsequent rounds. Peremptory challenges will be processed in this sequence: Plaintiff; Defense; Defense; Plaintiff; Plaintiff; Defense. A party may pass. A pass will *not* count as a peremptory strike. If the parties consecutively pass, the peremptory process ends and there will be no more peremptory strikes.
- Trial will be bifurcated, as stipulated. The parties should be prepared to start phase two of the trial soon after the return of verdict on phase one.

2

- The Court has already issued its order on motions in limine.
- Parties shall meet and confer to submit stipulations of fact to the Court.
- Finally, if the parties would like to install and test their courtroom technology before trial, they should contact the courtroom deputy, Lili Harrell, to schedule a time to do so

**IT IS SO ORDERED.**

Dated:  November 20, 2025                              _____
                                                                            NATHANAEL M. COUSINS
                                                                            United States Magistrate Judge